# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF BRANDON B. SMITH, BAR NO. 7916.

No. 75823

FILED

SEP 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Brandon B. Smith.[1] Under the agreement, Smith admitted to violating RPC 8.4(b) (misconduct: criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and has agreed to a four-year suspension, with conditions on his reinstatement.

Smith has admitted to the facts and violation alleged in the complaint. The record therefore establishes that Smith violated RPC 8.4(b) as he was convicted of five misdemeanors and one felony between December 12, 2011, and January 8, 2015. Smith was convicted of two separate incidents of misdemeanor battery domestic violence, two separate incidents of driving under the influence, and one instance of contempt of court. Additionally, Smith was convicted of battery by strangulation (category C

---

[1]On July 21, 2015, this court temporarily suspended Smith under SCR 111(7), pending the disciplinary proceedings.



18-35038

felony) and sentenced to 19 to 48 months in prison. He was released on parole on October 14, 2016.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Smith admitted that he knowingly violated his duty to the public to maintain personal integrity. Further, he admitted that his clients were at risk of injury, including interference with adequate representation in their criminal defense, as a result of Smith's alcoholism and representation of at least one client while intoxicated. There are four aggravating circumstances (pattern of misconduct, multiple offenses, substantial experience in the practice of law, and illegal conduct) and eight mitigating circumstances (absence of a prior disciplinary record; absence of a dishonest or selfish motive; current cooperative attitude toward the proceeding; mental disability or chemical dependence including alcoholism; delay in disciplinary proceedings; interim rehabilitation; imposition of other penalties or sanctions, in this case incarceration; and remorse). SCR 102.5.

The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.12 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct . . . that seriously adversely reflects on the lawyer's fitness to practice."). Considering all four factors, we conclude that a four-year suspension, retroactive to Smith's parole date, and the agreed-upon reinstatement

conditions are sufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (providing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney). Therefore, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Brandon B. Smith from the practice of law in Nevada for a period of four years from October 14, 2016. Before applying for reinstatement Smith must:

1. Pay the actual costs of the bar proceeding including $2,500 under SCR 120 within 30 days of the date of this court's order, if he has not already done so.

2. Comply with required terms of his current parole, including any counseling deemed necessary by P&P; obtain a successful discharge; and provide proof of that successful discharge.

3. Refrain from criminal conduct.

4. Refrain from use of alcohol.

5. Complete four hours of Continuing Legal Education (CLE) during each year of the suspension, exclusively in the area of substance abuse, addictive disorders and/or mental health issues that impair professional competence. These hours shall be attended live by Smith, will be reported directly to the Office of Bar Counsel, and are in addition to standard Nevada State Bar CLE requirements.

6. Engage in no conduct constituting a violation of the Nevada Rules of Professional Conduct.

The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich


cc:     Chair, Southern Nevada Disciplinary Board
        Law Offices of Brandon B. Smith, P.C.
        Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court